KAREN P. HEWITT
United States Attorney
ALESSANDRA P. SERANO
Assistant U.S. Attorney
California State Bar No. 204796
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-7084
Email: alessandra.p.serano@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08CR1453-LAB |
| ) | |
| Plaintiff, ) | Date: June 30, 2008 |
| ) | Time: 2:00 p.m. |
| v. ) | |
| ) | GOVERNMENT'S MOTIONS |
| DAVID RIVERA, ) | FOR RECIPROCAL DISCOVERY AND |
| ) | FINGERPRINT EXEMPLARS |
| Defendant. ) | |
| ) | TOGETHER WITH MEMORANDUM |
| ) | OF POINTS AND AUTHORITIES |
| ) | |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and ALESSANDRA P. SERANO, Assistant United States Attorney, hereby files its motions for reciprocal discovery and fingerprint exemplars. This Motion is based upon the files and records of this case, together with memorandum of points and authorities.

//
//
//
//
//
//
//

# I.

## POINTS AND AUTHORITIES

### A. Government's Motion for Reciprocal Discovery

#### 1. Rule 16(b)

Defendant has invoked Federal Rule of Criminal Procedure 16(a) in his motion for discovery and the Government has already voluntarily complied with the requirements of Federal Rule of Criminal Procedure 16(a). Therefore, Rule 16(b) should presently be determined to be operable as to Defendant.

The Government, pursuant to Rule 16(b), hereby requests that Defendant permit the Government to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody, or control of Defendant and which she intends to introduce as evidence in her case-in-chief at trial. The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which she intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom Defendant intends to call as a witness. The Government also requests that the Court make such orders as it deems necessary under Rule 16(d)(l) and (2) to insure that the Government receives the discovery to which it is entitled.

#### 2. Rule 26.2

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except any statement of Defendant. The rule provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the Government hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order should include any form these statements are memorialized in, including, but not limited to, tape recordings, handwritten or typed notes, and/or reports.

### B. The United States' Motion for Fingerprint Exemplars

As part of its case, the United States must prove that Defendant was previously deported from the Untied States. To prove this element, the United States anticipates calling a certified fingerprint

examiner to testify that Defendant is the individual whose fingerprint appears on the warrants of deportation and other deportation documents. A number of chain of custody witnesses could be eliminated, and judicial resources conserved, by permitting the Government's expert to take Defendant's fingerprints himself. The Defendant's fingerprints are not testimonial evidence. See <u>Schmerber v. California</u>, 384 U.S. 757 (1966). Further, using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment rights against self-incrimination. <u>United States v. DePalma</u>, 414 F.2d 394, 397 (9th Cir. 1969); <u>Woods v. United States</u>, 397 F.2d 156 (9th Cir. 1968); <u>see also</u>, <u>United States v. St. Onge</u>, 676 F. Supp. 1041, 1043 (D. Mont. 1987). Accordingly, the Government requests that the Court order that Defendant make himself available for fingerprinting by the Government's fingerprint expert.

## III

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that its Motions be granted.

DATED:   June 11, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/Alessandra P. Serano
ALESSANDRA P. SERANO
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | Case No. 08CR1453-LAB |
|                           Plaintiff,          ) | |
|           v.                                        ) | CERTIFICATE OF SERVICE |
| DAVID RIVERA,                         ) | |
|                           Defendant.        ) | |

IT IS HEREBY CERTIFIED THAT:

    I, ALESSANDRA P. SERANO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of United States' Motions for Reciprocal Discovery and Fingerprint Exemplars, on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    Sara Peloquin, Esq.
    Federal Defenders of San Diego, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 11, 2008.

                                        s/Alessandra P. Serano
                                        ALESSANDRA P. SERANO