| | |
|---|---|
| 1 | KAREN P. HEWITT<br>United States Attorney |
| 2 | ALESSANDRA P. SERANO<br>Assistant U.S. Attorney |
| 3 | California State Bar No. 204796<br>Federal Office Building |
| 4 | 880 Front Street<br>San Diego, California 92101 |
| 5 | Telephone: (619) 557-7084 |
| 6 | Attorneys for Plaintiff<br>United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1453-LAB |
| Plaintiff, | ) | DATE: June 30, 2008<br>TIME: 2:00 p.m. |
| v. | ) | |
| DAVID RIVERA, | ) | DECLARATION OF AGENT MANUEL DIEGO IN SUPPORT OF UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS |
| Defendant. | ) | |

I, Manuel Diego, declare as follows:

1. I am a Supervisory Border Patrol Agent for the United States Border Patrol. I have been employed as an agent with Border Patrol for 23 years. I was detailed to the U.S. Border Patrol Academy at the Federal Law Enforcement Training Center as a Spanish instructor where I instructed trainees in the Spanish language. I also am asked to sit on Spanish Boards where I evaluate whether an agent can pass a Spanish examination. I am currently stationed to the El Cajon Station in El Cajon, California.

2. Beginning at about 2:30 p.m. on April 28, 2008, I interviewed David Rivera ("Defendant") at the Tecate Border Patrol Station after he was arrested for being alien with no legal documents allowing him to enter or remain in the United States.

3. Defendant was not handcuffed throughout the interview. Agent Adam Kennedy was also present during the interview. The entire interview was video recorded. A true and correct copy of the recorded interview is attached as Exhibit 1.

4. Prior to any questioning, I asked Defendant if he would like me to speak to him in English or Spanish. He chose Spanish. I am fluent in Spanish and use Spanish on a daily basis as part of my job.

5. I advised Defendant of his Miranda rights in Spanish. After each right, I asked him if he understood the right. In each case, he responded affirmatively.

6. I then asked him if he wished to waive his rights. He again responded affirmatively.

7. All through the interview, Defendant appeared responsive to my questions and coherent.

8. At no time during the interview did either I or Agent Kennedy brandish our weapons towards Defendant. At no time during the interview did either I or Agent Kennedy make threatening gestures towards Defendant or raise our voices at the Defendant.

9. The interview lasted approximately 10 minutes.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 25, 2008.

MANUEL DIEGO

2